UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0106(6) (PJS/FLN) |
| | Case No. 17-CV-0143 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| PAUL ANTONIO EARLY, | |
| Defendant. | |

Thomas Calhoun-Lopez, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Paul Antonio Early, pro se.

This matter is before the Court on defendant Paul Antonio Early's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 529. Early contends that his sentence should be corrected because he was improperly classified as a career offender under § 4B1.1 of the United States Sentencing Guidelines and because his attorney provided ineffective assistance of counsel when he failed to object to that classification. The Court disagrees and therefore denies Early's § 2255 motion.

I. BACKGROUND

Early pleaded guilty to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). ECF No. 334. Early had prior felony convictions for second-degree assault with a dangerous weapon (in violation of Minn. Stat. § 609.222, subd. 1) and first-degree aggravated robbery (in violation of Minn. Stat. § 609.245, subd. 1). PSR

¶¶ 107, 110. The parties agreed that, for purposes of § 4B1.1, Early's offense of conviction was a "controlled substance offense" and each of his two prior felony convictions was a "crime of violence." Based on this conclusion, the parties agreed that Early qualified as a career offender under § 4B1.1. Plea Agreement ¶ 5(c); PSR ¶ 63.

The Court held a sentencing hearing on May 24, 2016. ECF No. 446. At that hearing, the Court agreed that Early was a career offender and concluded that Early's total offense level was 29 (after applying a three-level reduction for acceptance of responsibility), that his criminal-history category was VI (because of his career-offender status), and that his Guidelines range was 151 to 188 months. ECF No. 451 at 1. The Court then varied downward and sentenced Early to 100 months in prison. ECF No. 450. Early did not appeal. Eight months later, Early filed this § 2255 motion.

## II. ANALYSIS

At the time that Early was sentenced, a felony conviction could qualify as a "crime of violence" under any of three clauses of § 4B1.2. Under the *force clause*, an offense was a crime of violence if it "ha[d] as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1) (2015). Under the *enumerated-offenses clause*, an offense was a crime of violence if it was "burglary of a dwelling, arson, or extortion, [or] involve[d] the use of explosives." *Id.* § 4B1.2(a)(2). And under the *residual clause*, an offense was a crime of violence if it

-2-

"otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another."[1] *Id.*

Early argues that neither his conviction for second-degree assault with a dangerous weapon nor his conviction for first-degree aggravated robbery qualified as crimes of violence under the residual clause because the residual clause is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Unfortunately for Early, however, the Supreme Court rejected his argument in *Beckles v. United States*, 137 S. Ct. 886 (2017).

Early also argues that, constitutional considerations aside, the Court simply erred in finding that his prior convictions were crimes of violence for purposes of § 4B1.2, and that his attorney provided ineffective assistance of counsel when he conceded that Early was a career offender. But Early identifies no reason why his two convictions were not crimes of violence under the residual clause of § 4B1.2. Early also identifies no reason why his two convictions were not crimes of violence under the enumerated-offenses clause. At the time that Early was sentenced, the United States Sentencing Commission had long interpreted the term "crime of violence" to include aggravated assault and robbery; in fact, the Sentencing Commission identified both aggravated assault and

---

[1]Section 4B1.2 was amended on August 1, 2016 (after Early was sentenced) to eliminate the residual clause and increase the number of crimes listed in the enumerated-offenses clause.

robbery as crimes of violence in an Application Note to § 4B1.2. *See* U.S.S.G. § 4B1.2, cmt. n.1 (2015).[2] The Eighth Circuit had also treated both aggravated assault[3] and robbery[4] as enumerated crimes of violence for purposes of the Guidelines.

---

[2]The Sentencing Commission amended the text of § 4B1.2 on August 1, 2016 (after Early was sentenced). As amended, § 4B1.2 of the Guidelines now lists robbery directly in the guideline itself as one of several enumerated offenses that are considered crimes of violence. The commentary accompanying this amendment made clear that this was just a reorganization—and not a substantive change—of § 4B1.2. *See* Supplement to the 2015 Guidelines Manual at 9 (stating that, even "prior to this amendment," robbery and ten other enumerated offenses were categorically crimes of violence); *id.* at 11 ("For easier application, all enumerated offenses are now included in the guideline at § 4B1.2; prior to the amendment, the list was set forth in both § 4B1.2(a)(2) and the commentary at Application Note 1."). Essentially, the Sentencing Commission took the list of enumerated offenses that had appeared in Application Note 1 and moved most of those enumerated offenses into the text of § 4B1.2.

[3]In *United States v. Scharschell*, 664 F. App'x 596, 599 (8th Cir. 2016), the Eighth Circuit quoted with approval the following statement from *United States v. Rodriguez*, 664 F.3d 1032, 1038 (6th Cir. 2011): "Rodriguez's conviction counts as a 'crime of violence' because aggravated assault is one of the enumerated crimes of violence listed in Application Note 1 to the career offender guideline and the offense requires knowing and intentional conduct." Likewise, in *United States v. Quiroga*, 554 F.3d 1150, 1158 (8th Cir. 2009), the Eighth Circuit adopted the following statement from the district-court opinion: "Moreover, the application notes to U.S.S.G. § 4B1.2 expressly state that, for purposes of the career offender guideline, 'crime of violence' includes, *inter alia*, aggravated assault and forcible sex offenses. U.S.S.G. § 4B1.2, n. 1. Thus, there is no doubt that Marcos-Quiroga's prior conviction for assault with intent to commit sexual abuse . . . is a qualifying offense for career offender status under § 4B1.1."

[4]*See United States v. Johnson*, 411 F.3d 928, 931-32 (8th Cir. 2005) (citing Application Note 1 to find that robbery is categorically a crime of violence); *see also United States v. Patterson*, 605 F. App'x 584, 585 (8th Cir. 2015) (per curiam) (same); *United States v. Jones*, 384 F. App'x 542, 542 (8th Cir. 2010) (per curiam) ("The district court correctly ruled that robbery is specifically included in the crimes of violence listed
(continued...)

In any event, both of Early's convictions were crimes of violence under the *force* clause of § 4B1.2. The Eighth Circuit has repeatedly held that a conviction for second-degree assault with a dangerous weapon under Minn. Stat. § 609.222, subd. 1, is a "violent felony" under the force clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(i). *See United States v. Headbird*, 832 F.3d 844, 846-47 (8th Cir. 2016); *United States v. Lindsey*, 827 F.3d 733, 738-40 (8th Cir. 2016); *United States v. Harvey*, 642 F. App'x 650 (8th Cir. 2016) (per curiam).[5] The force clause of the ACCA is substantively identical to the force clause of § 4B1.2, and the Eighth Circuit treats the

---

[4](...continued)
in U.S.S.G. § 4B1.2, comment (n. 1), and that a robbery specifically enumerated in § 4B1.2 is a crime of violence for career offender purposes. . . .").

In *United States v. Bell*, 840 F.3d 963, 967-69 (8th Cir. 2016), the Eighth Circuit held that robbery was not a crime of violence for purposes of § 4B1.2 by virtue of its inclusion in Application Note 1. Crucially, however, the Eighth Circuit's reasoning was premised on its view that the residual clause of § 4B1.2 was unconstitutionally vague. The Eighth Circuit essentially conceded that *if* § 4B1.2 contained a valid residual clause, that "residual clause may have served as an anchor for the commentary's inclusion of 'robbery' as a crime of violence . . . ." *Id.* at 968. In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court held that the residual clause—which was in effect at the time that Early was sentenced—was *not* unconstitutionally vague. Thus, *Bell* does not call into question the viability of prior Eighth Circuit cases holding that aggravated assault and robbery were crimes of violence by virtue of their inclusion in Application Note 1 to § 4B1.2.

[5]Both *Headbird* and *Lindsey* were decided after the Supreme Court issued its decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), on which Early relies. In fact, *Headbird* discussed *Mathis* at length.

two clauses "as interchangeable." *United States v. Boose*, 739 F.3d 1185, 1187 n.1 (8th Cir. 2014).

Early's conviction for first-degree aggravated robbery under Minn. Stat. § 609.245, subd. 1, likewise qualified as a crime of violence under the force clause. Under Minnesota law, simple robbery is a lesser-included offense of first-degree aggravated robbery; in other words, one cannot commit first-degree aggravated robbery in violation of Minn. Stat. § 609.245, subd. 1, without committing simple robbery in violation of Minn. Stat. § 609.24. *See* Minn. Stat. § 609.245, subd. 1 ("Whoever, *while committing a robbery*, is armed with a dangerous weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon, or inflicts bodily harm upon another, is guilty of aggravated robbery in the first degree . . . .") (emphasis added). Simple robbery in violation of Minn. Stat. § 609.24 is a crime of violence under the force clause of the ACCA and hence under the force clause of § 4B1.2. *See United States v. Jennings*, 860 F.3d 450, 453-57 (7th Cir. 2017); *United States v. Maxwell*, 823 F.3d 1057, 1060-62 (7th Cir. 2016); *United States v. Willis*, No. 11-CR-0013 (DSD/JJK), 2017 WL 1288362, at *3 & n.3 (D. Minn. Apr. 6, 2017); *United States v. Pankey*, No. 07-CR-0214 (DWF/RLE), 2017 WL 1034581, at *3 n.2 (D. Minn. Mar. 16, 2017); *United States v. Taylor*, No. 15-CR-0091 (JNE/LIB), 2017 WL 506253, at *3-7 (D. Minn. Feb. 7,

2017).[6] Thus, first-degree aggravated robbery is necessarily a crime of violence under § 4B1.2. *See United States v. Rucker*, 545 F. App'x 567, 573 (8th Cir. 2013) ("Rucker's aggravated robbery conviction meets the definition of a 'violent felony' under the ACCA because it has as an element 'threatened use of physical force' against another . . . .").

For these reasons, the Court finds that Early was properly classified as a career offender, and that, in failing to argue otherwise, Early's attorney did not provide ineffective assistance of counsel.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 529] is DENIED.

---

[6]All of these cases—save *Maxwell*—were decided after the Supreme Court issued its decision in *Mathis*.

The Court acknowledges that it held that simple robbery was not a violent felony for purposes of the ACCA in *United States v. Pettis*, No. 15-CR-0233 (PJS/FLN), 2016 WL 5107035, at *2-3 (D. Minn. Sept. 19, 2016). The Court has since been persuaded by *Jennings* and *Taylor* that it erred in *Pettis*. But because the issue remains debatable, the Court will issue a certificate of appealability to Early so that he can pursue the issue on appeal.

-7-

2. A certificate of appealability is granted on the following issue only: "Is simple robbery in violation of Minn. Stat. § 609.24 a 'crime of violence' for purposes of § 4B1.2 of the United States Sentencing Guidelines?"

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 13, 2017              s/Patrick J. Schiltz
                                     Patrick J. Schiltz
                                     United States District Judge